UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ADAN ACOSTA,

       Plaintiff,
vs.

CALIBER HOME LOANS, INC.,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ADAN ACOSTA, by and through undersigned counsel, and brings this action against the Defendant, CALIBER HOME LOANS, INC. ("CALIBER"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

FD-3353

Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

4. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District, sends written correspondence and places phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

6. At all times material hereto, Defendant, CALIBER was and is a foreign corporation, incorporated under the laws of the State of Delaware and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

7. At all times relevant to this Complaint, CALIBER was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

8. At all times relevant to this Complaint, CALIBER regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

9. Upon information and belief, Defendant began servicing the alleged debt referenced in this matter after it was already allegedly in default.

10. Upon information and belief, Defendant was only hired as the servicer upon the disputed debt referenced in this matter to attempt to collect upon the disputed debt.

11. At all times relevant to this Complaint, CALIBER regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts and of consumer debts.

12. At all times material hereto, CALIBER was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. At all times relevant to this Complaint, Plaintiff was and is a natural person and is a a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

14. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

15. Upon information and belief, the primary purpose of Defendant's actions in regard to Plaintiff is to collect payment upon Plaintiff's alleged mortgage account.

16. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

17. On or about September 29, 2015, Defendant through its agent, representative and/or employee acting on behalf of Defendant, subject to Defendant's control and acting for for Defendant's benefit mailed Plaintiff a letter, a copy of which is attached and incorporated herein as Exhibit "A". Defendant's September 29, 2015 letter is hereafter referred to as the "Payoff Statement".

FD-3353

18. The Payoff Statement stated that $332,987.10 was due upon the mortgage by October 16, 2015.

19. The Payoff Statement further stated that $332,987.10 included charges for attorney fees.

20. The sum due upon Plaintiff's alleged mortgage as of October 16, 2015, if any sum was due, was not $332,987.10 as that sum included attorney fees in the amount of $4,442.00 which included fees which had not actually been incurred and thus were not due.

## COUNT I-VIOLATION OF FDCPA: 15 U.S.C. §1692e

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant has made a false representation as to the character, amount, or legal status of a debt in contravention of 15 U.S.C. §1692e(2)(a), which states in part that:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of --
> (A) the character, amount, or legal status of any debt;"
> 15 U.S.C. §1692e(2)(a)

23. Defendant violated 1692e(2)(a) by claiming that attorney fees which had not actually been incurred were due and in doing so falsely represented the character and amount of a debt.

24. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has also violated FDCPA in that Defendant has used false or deceptive

means in an attempt to collect a debt in contravention of 15 U.S.C. §1692e(10), which states in part that:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §1692e(10)

25. Defendant violated 1692e(10) by claiming that attorney fees which had not actually been incurred were due and in doing so made a false representation and used deceptive means in an attempt to collect a debt.

26. The Eleventh Circuit Court of Appeals has ruled that the charging of estimated future attorney fees in a payoff statement is a violation of the FDCPA. "Seterus violated the FDCPA and FCCPA by charging Prescott estimated attorney's fees". Prescott v. Seterus, Inc., 15-10038, 2015 WL 7769235, (11th Cir. Dec. 3, 2015).

27. Each of the false representations and deceptive means used or made by Defendant in this matter were intentional, yet even if they were accidental, Plaintiff is not required to prove that Defendant's conduct was intentional as the FDCPA is a strict liability statute. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010).

28. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(2)(a) and 15 U.S.C. §1692e(10).

29. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to

being overcharged upon an alleged debt as well as mental pain and shock, suffering, aggravation, humiliation and embarrassment.

30. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

31. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

32. Plaintiff repeats, realleges and incorporates paragraphs 1 through 20.

33. Florida Statutes § 559.72(9) states:

"In collecting debts, no person shall…

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.
Florida Statutes § 559.72(9).

34. In its Payoff Statement to Plaintiff, Defendant claimed, attempted and threatened to enforce a debt in the amount of $332,987.10, however no debt was due by Plaintiff for that sum as that sum included attorney fees which had not actually been incurred and thus were not due.

35. In its Payoff Statement Defendant claimed, attempted and threatened to enforce a debt which Defendant knew was not legitimate and also asserted the existence of a legal right

which it knew did not exist.

36. The Eleventh Circuit Court of Appeals has ruled that the inclusion of prospective future attorney fees was a violation of the FCCPA. "Seterus violated the FDCPA and FCCPA by charging Prescott estimated attorney's fees". Prescott v. Seterus, Inc., 15-10038, 2015 WL 7769235, (11th Cir. Dec. 3, 2015).

37. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

38. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to being overcharged upon an alleged debt as well as mental pain and shock, suffering, aggravation, humiliation and embarrassment.

39. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

40. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, CALIBER HOME LOANS, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, ADAN ACOSTA, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

By: */s/ Seth Wieder*
SETH WIEDER, ESQ.
Florida Bar No. 91704
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave, Second Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
seth@floridaloanlawyers.com

*FD-3353*